1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

**SAN JOSE DIVISION**

7

8    CONSUELO SANDOVAL,                                Case No.  16-cv-03344-BLF

                     Plaintiff,

9                                                      **ORDER GRANTING DEFENDANT**
            v.                                         **EXPERIAN'S MOTION TO DISMISS**
10                                                     **FIRST AMENDED COMPLAINT WITH**
                                                       **LEAVE TO AMEND**
     EXPERIAN INFORMATION SOLUTIONS,
11   INC., et al.,                                     [RE:  ECF 39]

12                   Defendants.

13

14          Plaintiff Consuelo Sandoval sues Defendants Experian Information Solutions, Inc.

15   ("Experian") and Wells Fargo Card Services, Inc. ("Wells Fargo") for violations of the Fair Credit

16   Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the California Consumer Credit Reporting

17   Agencies Act ("CCRAA"), California Civil Code § 1785.25(a).  Experian moves to dismiss

18   Plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6)

19   for failure to state a claim upon which relief may be granted.  For reasons discussed below, the

20   motion is GRANTED WITH LEAVE TO AMEND.

21   **I.      BACKGROUND**[1]

22          Plaintiff filed for Chapter 13 bankruptcy protection on May 29, 2015, and his[2] plan was

23   confirmed on August 10, 2015.  FAC ¶¶ 93, 97, ECF 31.  On February 3, 2016, Plaintiff "ordered

24   a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by

25

---

26   [1] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss.  *See
     Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

27
     [2] Plaintiff's brief uses masculine pronouns to refer to Plaintiff while Experian's briefs use
28   feminine pronouns.  Because Plaintiff's counsel presumably knows the gender of his client, the
     Court adopts Plaintiff's use of the masculine pronouns.

Plaintiff's Creditors." *Id.* ¶ 98.  He alleges that this report ("February 2016 Credit Report") included sixteen different tradelines containing inaccurate, misleading, or incomplete information. *Id.* ¶ 99.  Plaintiff neither attaches a copy of the February 2016 Credit Report nor provides specifics regarding the alleged inaccuracies contained therein.  *Id.*  He asserts only that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, and/or charged off.  Some accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan."  *Id.*

Plaintiff disputed the inaccurate tradelines via certified mail sent to three different credit reporting agencies ("CRAs"), Experian, Equifax, Inc., and TransUnion, LLC on March 10, 2016. *Id.* ¶ 100.  Each CRA received Plaintiff's dispute letter and in turn notified the entities that had furnished the disputed information ("furnishers") by means of automated credit dispute verifications ("ACDVs").  *Id.* ¶ 102.

Plaintiff ordered a second three bureau report from Experian on April 19, 2016 ("April 2016 Credit Report").  *Id.* ¶ 103.  Plaintiff alleges that "the inaccuracies had not been updated or removed."  *Id.* ¶ 104.  Plaintiff also alleges that Wells Fargo's report of past due balance did not comport with industry standards.  *Id.* ¶ 106.

Plaintiff filed this action on June 15, 2016, asserting violations of the FCRA and CCRAA against Experian and Wells Fargo.  Compl., ECF 1.  Experian moved to dismiss Plaintiff's complaint on September 9, 2016.  Instead of opposing Experian's motion, Plaintiff filed the operative FAC on October 3, 2016.  Experian now moves to dismiss the FAC.

## II.  LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial

United States District Court
Northern District of California

2

notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

The FAC contains two claims, one for violation of the FCRA (Claim 1) and the other for violation of the CCRAA (Claim 2). Although the label of the CCRAA claim indicates that it is asserted against "Defendants," it is clear from the body of the FAC that the CCRAA claim is not asserted against Experian. FAC ¶¶ 134-141. Accordingly, this order addresses only the FCRA claim.

Plaintiff's FCRA claim against Experian is subheaded "Failure to Reinvestigate Disputed Information." *Id.* ¶¶ 118-119. Plaintiff alleges that after he "disputed the accounts mentioned above" – which the Court takes to mean the sixteen tradelines in the February 2016 Credit Report referenced earlier in the FAC – Experian was required to conduct a reasonable investigation and to delete any information that was not accurate. *Id.* ¶ 120. Plaintiff claims that each CRA was required to "send all relevant information via an ACDV to the furnishers which they did not do." *Id.* ¶ 121. Plaintiff alleges generally that Experian "failed to conduct a reasonable investigation and failed to correct the misleading and or inaccurate statements." *Id.* ¶ 122. Plaintiff asserts that "any basic investigation would have uncovered that certain DFs [data furnishers] were not following credit reporting industry standards." *Id.* 128.

Experian moves to dismiss the FCRA claim on three grounds. First, Experian asserts that Plaintiff has not alleged facts showing that Experian's credit reporting was inaccurate. Second, Experian argues that Plaintiff has not alleged facts showing an entitlement to damages under the FCRA. And third, Experian asserts that Plaintiff has not alleged any facts showing that Experian's response to his dispute letter was improper.

1    Before turning to the parties' arguments on these points, the Court notes that Plaintiff has

2    filed a request for judicial notice of a document that appears to be a proof of claim filed by Wells

3    Fargo in Plaintiff's bankruptcy.  *See* Pl.'s RJN, ECF 52.  The request for judicial notice was filed

4    after completion of the briefing on Experian's motion to dismiss, and the Court is at a loss to

5    understand its intended significance.  Accordingly, while the Court may take judicial notice of

6    documents filed in other judicial proceedings under appropriate circumstances, *See Reyn's Pasta*

7    *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), Plaintiff's request for judicial

8    notice in this case is DENIED.

9    **A.    Inaccuracy**

10    Experian argues that Plaintiff's claim fails because he has not alleged facts showing that

11    Experian's credit reporting was inaccurate.  If a consumer disputes "the completeness or accuracy

12    of any item of information," a CRA must "conduct a reasonable reinvestigation to determine

13    whether the disputed information is inaccurate and record the current status of the disputed

14    information, or delete the item."  15 U.S.C. § 1681i(a)(1).  In addition, the CRA must provide

15    notification of the dispute to the furnisher of the information.  15 U.S.C. § 1681i(a)(2).

16    The Ninth Circuit has observed that "[a]lthough the FCRA's reinvestigation provision, 15

17    U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a

18    claim, many courts, including our own, have imposed such a requirement."  *Carvalho v. Equifax*

19    *Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).[3]  "Thus, even if a . . . CRA fails to conduct a

20    reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff

21    cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail

22    as a matter of law."  *Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 WL

23    264401, at *3 (N.D. Cal. Jan. 20, 2017) (internal quotation marks and citation omitted).

---

[3] *Carvalho* involved claims asserted under the CCRAA, not the FCRA.  *See Carvalho*, 629 F.3d at 881.  However, in discussing the scope of the CCRAA, the Ninth Circuit drew heavily on cases construing the FCRA, *see id.* at 889-91, and numerous courts have relied on *Carvalho*'s explication of FCRA requirements when addressing FCRA claims, *see, e.g., Artus v. Experian Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *3 (N.D. Cal. Jan. 24, 2017); *Jaras v. Experian Info. Sols., Inc.*, No. 16-CV-03336-LHK, 2016 WL 7337540, at *4 (N.D. Cal. Dec. 19, 2016).

United States District Court
Northern District of California

In *Carvalho*, the Ninth Circuit noted that it previously had "explained that an item on a credit report can be 'incomplete or inaccurate' within the meaning of the FCRA's furnisher investigation provision, 15 U.S.C. § 1681s-2(b)(1)(D), 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho*, 629 F.3d at 890 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (2009)). The Ninth Circuit went on to affirm "'the maxim of statutory construction that similar terms appearing in different sections of a statute should receive the same interpretation,'" *id.* (quoting *United States v. Nordbrock*, 38 F.3d 440, 444 (9th Cir. 1994)), and to cite with approval a First Circuit case, *Chiang*, which the Ninth Circuit summarized as "deeming the term 'inaccurate' in section 1681i(a) to be 'essentially the same' as the term 'incomplete or inaccurate' in section 1681s-2(b)," *id.* (citing *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010)). Relying on *Carvalho*, district courts have "applied this 'patently incorrect or materially misleading' standard to claims arising under various provisions of the FCRA that involve the accuracy of information." *Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578, at *3 (N.D. Cal. July 10, 2014). In particular, courts in this district have applied the "patently incorrect or materially misleading" standard to the inaccuracy requirement under § 1681i. *See, e.g., Banneck v. HSBC Bank USA, N.A.*, No. 15-cv-02250-HSG, 2016 WL 3383960, at *6 (N.D. Cal. June 20, 2016); *Prianto*, 2014 WL 3381578, at *3.

Plaintiff argues that he has alleged inaccuracies in his credit reports under the above standards. The Court disagrees based upon the following pleading deficiencies.

### 1.    Allegations Regarding Three Bureau Reports

Perhaps the most obvious deficiency in Plaintiff's allegations against Experian is his failure to allege that the claimed inaccuracies in two different "three bureau report[s]" were reported by *Experian* rather than one of the other CRAs. FAC ¶¶ 98, 103.

Plaintiff alleges that after his Chapter 13 plan was confirmed, he ordered the February 2016 Credit Report and discovered that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, with late payments, and/or charged off. Some accounts even failed to register that Plaintiff was making payments on the

1    account through Plaintiff's Chapter 13 plan." *Id.* ¶¶ 97-99.  These allegations neither identify

2    Experian as the reporting entity nor identify any particular past due balances or other tradelines in

3    the February 2016 Credit Report that were inaccurate.

4         Plaintiff argues that he "explains exactly what was inaccurate about certain data furnishers'

5    reporting," and that "[p]aragraph 106 of Plaintiff's FAC highlighted the inaccuracies and

6    problematic tradelines."  Pl.'s Opp. at 4, ECF 41.  However, paragraph 106 of the FAC refers to

7    the April 2016 Credit Report.  Deficiencies in the allegations regarding the contents of the

8    February 2016 Credit Report – the report that Experian allegedly failed to reinvestigate upon

9    receipt of Plaintiff's dispute letter –  cannot be cured by allegations regarding the later April 2016

10   Credit Report.  Moreover, Plaintiff does not allege that the asserted inaccuracies in the April 2016

11   Credit Report were reported by Experian rather than another CRA.  FAC ¶ 106.

12        In order to make out an FCRA claim against Experian, Plaintiff must allege with

13   specificity that Experian reported one or more items of information that were patently incorrect or

14   materially misleading.  Other courts in this district have dismissed FCRA claims based upon

15   alleged inaccuracies in three bureau reports where no specificity is provided as to which CRA

16   reported the inaccuracies in question.  *See, e.g., Doster*, 2017 WL 264401, at *6 ("Plaintiff's FAC

17   makes only general and unspecified allegations that her credit report, which was a three-bureau

18   credit report, contained inaccuracies and that the CRAs reported misleading and inaccurate

19   information, but the FAC does not allege any conduct that is specific to Experian.").

20        Accordingly, the allegations of the FAC are insufficient to make out a claim of inaccurate

21   reporting by Experian.

**2.      Reporting After Confirmation of Chapter 13 Plan**

23        More fundamentally, to the extent that Plaintiff claims that it was inaccurate for Experian

24   to report delinquencies or past due balances after plan confirmation, that theory of liability has

25   been rejected by courts in this district and other districts within the Ninth Circuit.  *See, e.g., Artus*

26   *v. Experian Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *5 (N.D. Cal. Jan. 24,

27   2017) (collecting cases); *Doster*, 2017 WL 264401, at *6 ("[A]s a matter of law it is not

28   misleading or inaccurate to report a delinquent debt during the pendency of a bankruptcy.");

United States District Court
Northern District of California

1    *Polvorosa v. Allied Collection Serv., Inc.*, No. Case No. 2:16–CV–1508 JCM (CWH), 2017 WL

2    29331, at *3 (D. Nev. Jan. 3, 2017) ("[R]eporting delinquencies during the pendency of a

3    bankruptcy or during a bankruptcy's automatic stay is not itself a violation of the FCRA.").

4        Plaintiff argues that these decisions are based upon a misunderstanding of bankruptcy law

5    because they fail to recognize that a bankruptcy court's order confirming a Chapter 13 plan

6    constitutes a binding final judgment regarding the rights and obligations of the debtor and his or

7    her creditors. Pl.'s Opp. at 7, EFC 41. According to Plaintiff, because a confirmed plan modifies

8    the original debts, any post-confirmation reporting of pre-confirmation delinquencies or balances

9    is inaccurate. *Id.* 7-8.

10       It is true that "[t]he provisions of a confirmed plan bind the debtor and each creditor." 11

11    U.S.C. § 1327(a). Thus a creditor seeking payment on a debt is entitled only to those payments

12    provided for under the plan, and "any issue decided under a plan is entitled to *res judicata* effect."

13    *In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015). However, the Court declines to make the

14    logical leap urged by Plaintiff that these authorities, governing the relationships between parties to

15    a bankruptcy action, make it a violation of the FCRA to report a historically accurate pre-

16    confirmation debt or delinquency. Regardless of how the rights and obligations of the parties to a

17    bankruptcy are modified by a Chapter 13 plan, the original debt did exist prior to confirmation and

18    Plaintiff has cited no authority suggesting that bankruptcy proceedings "erase" that historical fact

19    for purposes of the FCRA.

20       Plaintiff's reliance on *In re Luedtke*, No. 02-35082-svk, 2008 WL 2952530 (Bankr. E.D.

21    Wis. July 31, 2008), is misplaced. In *Luedtke*, the bankruptcy court concluded that a creditor

22    whose claim was modified by a Chapter 13 confirmation order had violated that order by

23    continuing to report the original debt to CRAs. *Id.* at *6. The court suggested that in addition to

24    seeking sanctions for violation of the confirmed plan, the debtor also could have sought relief

25    under the FCRA. *Id.* In making that suggestion, the bankruptcy court appeared to assume that the

26    creditor's reporting of the original debt would have constituted an inaccuracy under the FCRA.

27    *Id.* at *5. That view, expressed in *dicta* by a bankruptcy court outside the Ninth Circuit almost a

28    decade ago, has not been adopted by the courts in this district. In fact, it appears that *Luedtke* has

been cited by only one other court, which found the decision to be irrelevant to its determination whether the plaintiff had pleaded a viable FCRA claim.  *See Wylie v. TransUnion, LLC*, No. 3:16-CV-102, 2017 WL 835205, at *5 n.6 (W.D. Pa. Mar. 2, 2017) ("[T]he question before the Court is whether Defendants reported accurate information, not whether Defendant violated the bankruptcy code.") (internal quotation marks and citation omitted).

Moreover, with respect to the many debtors who fail to make all required plan payments, the original debt terms ultimately are reinstated.  *See Blendheim*, 803 F.3d at 487.  Indeed, historically accurate debts may be reported even after discharge, so long as the credit report indicates that the debts were discharged in bankruptcy.  *See Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, *9-11 (N.D. Cal. Apr. 10, 2013) (furnisher's reporting that the debt had been delinquent during the pendency of the bankruptcy was historically accurate and thus not actionable under the FCRA where report also indicated that the debt had been discharged in bankruptcy).

Plaintiff's counsel argued at the hearing that allowing reporting of pre-confirmation delinquencies or balances after a Chapter 13 plan has been confirmed will deprive debtors of significant benefits that they expect to obtain through Chapter 13 bankruptcy.  That issue is one for Congress to resolve, not this Court.  The Court's task in evaluating Plaintiff's FAC is to determine whether the facts alleged therein make out a plausible claim that Experian' credit reporting was inaccurate.  The Court simply is not persuaded that the reporting of a delinquency or past due balance after plan confirmation is per se inaccurate under the FCRA.

However, there appears to be an open question whether such reporting could satisfy the inaccuracy requirement if unaccompanied by any indication that the consumer is in bankruptcy. *See Devincenzi v. Experian Info. Sols., Inc.*, No. 16-CV-04628-LHK, 2017 WL 86131, at *7 (N.D. Cal. Jan. 10, 2017) (declining to decide whether allegations that the "credit report contained no indication at all that the debts were the subject of a pending bankruptcy . . . would be sufficient to state a claim" but granting plaintiff leave to attempt to assert FCRA claim based on that theory).  It is this Court's view that it may well be possible for a plaintiff to allege facts showing that the reporting of a pre-confirmation delinquency is materially misleading absent any reference to a

pending Chapter 13 bankruptcy, at least where a confirmed plan governs the timing and amounts of post-confirmation payments on the debt.  Plaintiff, however, has not alleged whether or not the reports in question contained information regarding his bankruptcy.

### 3.    Metro 2 Format

In addition to his theory of FCRA liability based on the effect of plan confirmation, Plaintiff asserts a related theory based on industry standards regarding credit reporting.  He devotes 35 of the FAC's 143 paragraphs to a tutorial on industry standards and in particular the "Metro 2 format" adopted by the Consumer Data Industry Association ("CDIA").  *See* FAC ¶¶ 37-71.  According to Plaintiff, "Metro 2 provides instruction on what updates must be made when a bankruptcy is filed," and deviation from the Metro 2 format is inaccurate or misleading.  *See* Pl.'s Opp. at 3, ECF 41.  The Ninth Circuit has not spoken on the effect of the Metro 2 format, if any, on the obligations of CRAs and furnishers under the FCRA.  However, district courts within the Ninth Circuit overwhelmingly have held that a violation of industry standards is insufficient, without more, to state a claim for violation of the FCRA.  *See, e.g., Doster*, 2017 WL 264401, at *5 (collecting cases); *Mestayer v. Experian Info. Sols., Inc.*, No. 15-CV-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016).

The out-of-district cases cited by Plaintiff do not persuade this Court to take a contrary view.  In *Dreher v. Experian Info. Sols., Inc.*, No. 3:11-CV-00624-JAG, 2013 WL 2389878, at *7 (E.D. Va. May 30, 2013), the district court held that industry standards could be considered at the summary judgment stage as part of the totality of evidence regarding the reasonableness of Experian's failure to identify the main source of disputed information.  That ruling does not advance Plaintiff's argument that deviation from Metro 2 constitutes a per se inaccuracy under the FCRA.  In *Nissou-Rabban v. Capital One Bank (USA), N.A.*, No. 15CV1675 JLS (DHB), 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016), the district court held that the plaintiff had alleged a claim under the FCRA where she alleged that Metro 2 was Synchrony's chosen method of reporting and that Synchrony's deviation from Metro 2 might be misleading to such an extent as to affect credit decisions.  Courts in this district have found such allegations to be insufficient.  *See, e.g., Mestayer*, 2016 WL 7188015, at *3 (credit report that deviated from Metro 2 was not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    misleading where report disclosed bankruptcy); *see also Doster*, 2017 WL 264401, at *5

2    (collecting cases).  This Court finds the latter decisions to be better reasoned and therefore

3    concludes that allegations that a credit report deviated from the Metro 2 format is insufficient,

4    without more, to state a claim under the FCRA.

5           The Court does not mean to suggest that Metro 2 is wholly irrelevant to the evaluation of a

6    claim asserted under the FCRA.  It may be that allegations of deviations from the Metro 2 format

7    could bolster other allegations of inaccuracy or be relevant to allegations of negligence on the part

8    of the reporting entity.  However, Plaintiff's reliance on Metro 2 as an independent source of

9    liability under the FCRA is unavailing.

10          **C.     Damages**

11          In addition to arguing that Plaintiff has failed to allege facts sufficient to show actual

12   inaccuracy in reporting, Experian asserts that Plaintiff has failed to allege facts sufficient to entitle

13   him to recovery of damages.  The FCRA creates a private right of action for willful or negligent

14   noncompliance with § 1681i.  15 U.S.C. §§ 1681n & o; *Gorman*, 584 F.3d at 1154.  If a failure to

15   comply with § 1681i is willful, the plaintiff may recover either actual damages or statutory

16   damages between $100 and $1,000, as well as any appropriate punitive damages.  15 U.S.C. §

17   1681n(a).  If a failure to comply with § 1681i is negligent, the plaintiff is limited to recovery of

18   "any actual damages sustained by the consumer as a result of the failure."  15 U.S.C. §

19   1681o(a)(1).  Experian contends that Plaintiff has not alleged facts showing entitlement to

20   recovery under either theory.

21          **1.      Willfulness**

22          A defendant acts "willfully" for purposes of the FCRA if the defendant knowingly or

23   recklessly disregards its statutory duties.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58

24   (2007).  "[A] company subject to FCRA does not act in reckless disregard of it unless the action is

25   not only a violation under a reasonable reading of the statute's terms, but shows that the company

26   ran a risk of violating the law substantially greater than the risk associated with a reading that was

27   merely careless."  *Id.* at 69.  Thus a plaintiff seeking to recover damages under a willfulness theory

28   "must allege, at a minimum, that the defendant's reading of the FCRA is 'objectively

10

1    unreasonable.'"  *Kirchner v. Shred-it USA Inc.*, No. 2:14-1437 WBS, 2014 WL 6685210, at *1

2    (E.D. Cal. Nov. 25, 2014) (quoting *Safeco*, 551 U.S. at 69).

3          As discussed above, Plaintiff has not sufficiently alleged that Experian's reporting

4    contained an actual inaccuracy.  Even had he done so, he has not alleged any facts showing that

5    such inaccuracy was the result of Experian's knowing or reckless disregard of its statutory duties.

6    Plaintiff argues in his opposition that Experian recklessly disregarded its statutory duties by failing

7    to reinvestigate Plaintiff's dispute or correct the alleged inaccuracies as prescribed by industry

8    standards, when it knew that the disputed report deviated from Metro 2.  Pl.'s Opp. at 10-11, ECF

9    41.  However, as discussed, deviation from the Metro 2 format alone is insufficient to state a

10   violation of the FCRA.

11                    **2.       Negligence**

12         In order to recover under a negligence theory, Plaintiff must plead and prove actual

13   damages resulting from Experian's violation of the FCRA.  15 U.S.C. § 1681o(a)(1).  Plaintiff's

14   FCRA claim against Experian is based on his allegations that after Plaintiff disputed information

15   in the February 2016 Credit Report, Experian failed to reinvestigate.  *See* FAC ¶¶ 120-133.

16   However, he does not allege facts showing that he suffered any damages flowing from that failure.

17   *See id.*  In opposition to Experian's motion, Plaintiff argues that "Plaintiff has paid Plaintiff's

18   counsel several thousand dollars to reorganize and repair his credit under Chapter 13"; "Plaintiff

19   has also incurred a substantial [sic] in attorney's fees in attempting to correct the inaccuracies on

20   his credit report"; and "Plaintiff cannot and continues to be unable to apply for credit because his

21   score remains extremely low."  Pl.'s Opp. at 11, ECF 41.  The Court questions whether these

22   allegations are sufficient to plead damages recoverable under the FCRA.  However, the Court need

23   not resolve that question, as Plaintiff has not included any of these allegations in his FCRA claim

24   against Experian.

25         Accordingly, the FAC is subject to dismissal on the ground that Plaintiff has failed to

26   allege facts showing an entitlement to damages.

27             **D.       Lack of Factual Allegations re Experian's Response to Dispute Letter**

28         Experian's final argument is that Plaintiff has not provided any factual basis for his

*United States District Court*
*Northern District of California*

11

allegation that Experian's response to his dispute letter was inadequate.  The Court agrees.

Plaintiff alleges that after he disputed the February 2016 Credit Report, Experian was required to conduct a reasonable investigation and to delete any information that was not accurate. FAC ¶ 120.  Plaintiff then claims that each CRA is required to "send all relevant information via an ACDV to the furnishers which they did not do."  *Id.* ¶ 121.  When a consumer disputes information on a credit report, the CRA must provide notification of the dispute to the furnisher of the information.  15 U.S.C. § 1681i(a)(2).  Thus an allegation that Plaintiff disputed a particular account reported in the February 2016 Credit Report, and that Experian failed to notify the furnisher of the disputed information, would state a claim under the FCRA, assuming that all other pleading requirements regarding inaccuracy and damages were satisfied.  However, as discussed above, Plaintiff's allegations regarding the asserted inaccuracies in the February 2016 Credit Report do not identify any particular account or item of information from Experian.  Allegations that Experian failed to notify the unidentified furnishers of unidentified information regarding unidentified accounts are insufficient to make out a plausible claim that Experian violated its obligations under the FCRA.  Moreover, elsewhere in the FAC Plaintiff alleges that "each CRA received Plaintiff's dispute letter and in response sent Plaintiff's dispute to each DF via an ACDV."  *Id.* ¶ 102.  Based on that allegation, it would appear that Experian *did* satisfy its notification obligations under the FCRA.

Plaintiff's conclusory allegations that Experian "failed to conduct a reasonable investigation," *Id.* ¶ 122, likewise are inadequate to state a claim under the FCRA.  *See O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (No FCRA claim stated where plaintiff "fails to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable").

**E.     Leave to Amend**

In deciding whether to grant Plaintiff leave to amend his pleading, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman*

12

United States District Court
Northern District of California

factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

The first factor (undue delay), second factor (bad faith), and fourth factor (undue prejudice) do not weigh against granting leave to amend at this time, although the Court may well have a different view in the event that Plaintiff's counsel fails to address the deficiencies addressed herein and persists in submitting pleadings consisting primarily of copy-and-paste boilerplate allegations.  The third factor (failure to cure deficiencies) weighs slightly against granting leave to amend, as Plaintiff previously amended his pleading.  However, the present order represents the first detailed guidance that Plaintiff has received from the Court.  Finally, with respect to the fifth factor (futility of amendment), the Court has grave reservations whether Plaintiff will be able to state a viable FCRA claim against Experian.  However, because it is not clear that Plaintiff cannot do so, the Court will grant him leave to amend.

If Plaintiff chooses to amend his FCRA claim against Experian, he shall allege with specificity what reporting is attributable to Experian and shall either attach a copy of each report or allege the offending tradelines verbatim.  Failure to do so will be deemed an admission that Plaintiff is incapable of pleading specific facts giving rise to liability under the FCRA.

## IV.   ORDER

(1)   Experian's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND;

(2)   Any amended pleading shall be filed on or before April 13, 2017; and

(3)   Leave to amend is limited to the FCRA claim discussed in this order; Plaintiff may not add new claims or parties without express leave of the Court.

Dated:  March 23, 2017

BETH LABSON FREEMAN
United States District Judge